**FILED**

SEP 2 5 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

## United States District Court
### Eastern District of North Carolina
### Western Division

**Case No.** 5:23-CT-3275-D

(To be filled out by Clerk's Office only)

Samuel Clement Wendt

_____

Inmate Number 1644320

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Jamie BULLARD; TODD ISHEE; Edward
Buffaloe; Brandeshawn HARRIS; Wakenda Greene;
Unit Managers: Brown, FNU; Glenda JACKSON;
Clayton BREWER; COLLINS, FNU; SHAW, FNU; et al.

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

# COMPLAINT

*(Pro Se Prisoner)*

Jury Demand?
☒ Yes
☐ No

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒    42 U.S.C. § 1983 (state, county, or municipal defendants)

☐    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐    Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.    PLAINTIFF INFORMATION

Samuel Clement Wendt
_____
Name

1644320
_____
Prisoner ID #

Piedmont Correctional Inst.
_____
Place of Detention

124 S Camp Drive
_____
Institutional Address

Salisbury                    NC                    28147
_____
City              State              Zip Code

## III.    PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐    Pretrial detainee    ☐ State    ☐ Federal
☐    Civilly committed detainee
☐    Immigration detainee
☒    Convicted and sentenced state prisoner
☐    Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    Jamie BULLARD
Name

Warden  TABOR CITY Correctional Inst. [Hereafter T.C.I.]
Current Job Title

4600 Swamp Fox Hwy  904 W
Current Work Address

Tabor City     NC     28463
City             State       Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 2:    TODD ISHEE
Name

Secretary - Dept of Adult Correction [Hereafter D.A.C.)
Current Job Title

NC DPS/DAC  4260 Mail Service Center
Current Work Address

Raleigh      NC     27699-4260
City             State       Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

**Defendant(s) Continued** ✳

Defendant 3: Edward Buffaloe
Name

Secretary - Dept of public Safety [Hereafter DPS]
Current Job Title

NC - DPS   4260   Mail Service Center
Current Work Address

Raleigh                    NC              27699-4207
City                       State           Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 4: Brandeshaun Harris
Name

Assistant Secretary - DAC
Current Job Title

4260 Mail Service Center
Current Work Address

Raleigh                    NC              27699-4260
City                       State           Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


✳ Please See Attachment For Additional defendants.

Defendant 5: Wakenda Greene

    TITLE: Board member/examiner

    ADDRESS: 4207 Mail Service Center

               Raleigh, NC 27699-4207

    Capacity being Sued: BOTH


Defendant 6: BROWN, FNU

    Title: Green Unit Manager

    Address: 4600 Swamp Fox Hwy 904W

               Tabor City, NC 28463

    Capacity: BOTH


Defendant 7: JACKSON, Glenda

    TITLE: Assistant Unit Manager

    Address: 4600 Swamp Fox Hwy 904W

               Tabor City, NC 28463

    Capacity: BOTH


Defendant 8: Brewer, Clayton

    Title: UNIT Manager

    Address: 4600 Swamp Fox Hwy 904W

               Tabor City, NC 28463

    Capacity: BOTH

Defendant 9: COLLINS, FNU
    Title: UNIT Manager
    Address: 4600 Swamp Fox Hwy 904 W
            Tabor City, NC 28463
    Capacity: BOTH


Defendant 10: SHAW, FNU
    Title: Assistant Unit Manager
    Address: 4600 Swamp Fox Hwy 904 W
            Tabor City NC 28463
    Capacity: BOTH

Defendant 11: Bailey, Raymond
    Title: Deputy Warden - Programs
    Address: 4600 Swamp Fox Hwy 904 W
            Tabor City, NC 28463
    Capacity: BOTH


Defendant 12: Baysden, FNU
    TITLE: Deputy Warden
    Address: 4600 S Swamp Fox HWY 904 W
            TABOR CITY, NC 28463
    Capacity: BOTH
Defendant 13: McLaughlin, FNU
    Title: UNIT MANAGER
    Address: 4600 Swamp Fox Hwy 904W
            Tabor City, NC 28463
    Capacity: BOTH

Defendant 14: Barnhill, MARK
    Title : Deputy Warden - Custody
    Address: 4600 SWAMP Fox Hwy 904W
            Tabor City, NC 28463
    Capacity: BOTH
Defendant 15: Miller, FNU
    Title : Custody Officer
    Address: 4600 Swamp Fox Hwy 904W
            Tabor City, NC 28463
    Capacity: BOTH
Defendant 16: Spivey, FNU
    Title : Custody officer
    Address: 4600 swamp Fox Hwy 904 W
            Tabor City, NC 28463
    Capacity: BOTH

Defendant 17: Unknown Property Owners Or Lease holders
            of TCI
    Title : Property owner/Land owner/Lease Holder
    Address: 4600 SWAMP Fox HWY 904 W
            TABOR CITY, NC 28463
    Capacity: BOTH

## V. STATEMENT OF CLAIM

Place(s) of occurrence: TABOR CITY CORRECTIONAL (T.C.I)

Date(s) of occurrence: OCT. 17, 2020 — MARCH 16, 2023

State which of your federal constitutional or federal statutory rights have been violated:

U.S. CONST. AMD VIII [8th] and XIV [14th]. Various DPS/DAC Policy Violations, N.C.G.S. 148-23 (Supplemental Jurisdiction) NC Const AMD 19 & 27 [Supplemental Jurisdiction]

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

1. From OCT 17, 2020 – March 16, 2023, Plaintiff Wendt was Housed at TCI. All events and occurrences outlined herein took place at TCI during this time frame unless otherwise specified.

2. TCI STAFF Severely restricted exercise opportunities, Social interaction opportunities, Outside Cell time (Hereafter O.C.T.) Used Abusive/Offensive Language, and punished Violators of arbitrary customs/policies that the plaintiff claims amount to Cruel and unusual punishment. [in viol. VIII AMD]

3. Plaintiff also claims the way these restrictive Policies/customs were implemented Violated His XIV [14th] AMD Rights to due process.

4. Plaintiff was threatened with an escape charge by SGT Jacobs on or around May/June 2021 during outdoor exercise. Plaintiff was informed TCI did Not allow inmates to Run or Jog lightly during outdoor exercise.

5. Plaintiff observed that from 21 June 2021 – 8 FEB 2022

Who did what to you? [Box: "Who did what to you?"] / STAFF

That He, and other inmates assigned to School programs Were Not provided exercise during the school week if the Outdoor exercise period occurred during school time.

What happened to you?

Plaintiff addressed this issue with Def. Baysden and asked to receive gym time at Night for make up. Baysden Refused to open the Gym for exercise and the gym at TCI Was Never used for exercise While the plaintiff resided at TCI.

6. Plaintiff Witnessed on three ~~two~~ Seperate occasions the following: SGT OWENS prevented players from Playing Full Court basketball outside. DFC. Spivey Used Offensive and abusive Language towards two inmates attempting to Jog for exercise on and Unit Manager Jackson Locked up

When did it happen to you?

an inmate for Exercising in the day Room despite the previous five days Not being allowed outdoor exercise. These observations took place on/around NOV 22,13 July 22, and 10 December 2022 respectively. These observations demonstrate a culture at TCI that Severely restricts exercise - and punishes Violators of arbitrarily enforced unwritten policies (customs)

7. ON 7 FEB 2022, TCI implemented a highly restrictive policy Without any prior Notice. This policy Severely Reduced Outside Cell Time (OCT) Social interaction, environmental

Where did it happen to you?

Stimulation, and exercise. OCT Was Reduced to only 3 hours per day (Locked down 21 Hours/day). Social interaction Was reduced to 11 other inmates. Environmental Stimulation and exercise Were reduced to 3 seperate one hour Sessions per Week (Weather permitting and inclusive of the 3 hours OCT Period and NOT exclusive of it or in addition to it. This resulted in 20 hours of OCT. total

What was your injury?

per week (only 2 hours on Sunday) and only 3 hours of outdoor exercise per week. Plaintiff was not allowed to exercise in the day Room during OCT even if "Yardtime" was cancelled, and "Yard time" was Never made up in the gym indoors - because the gym was Never utilized for exercise.

8. Prior to FEB 7 2022 OCT was 15-16 hours daily, allowed 48 inmates to socialize simultaneously, and outdoor exercise was offered every day for 1 hour/day.

9. On the morning of FEB 7 2022, a memo was passed under each inmates door explaining the New - Higly restrictive policy being implemented immediately and without prior Notice. The memo proposed these changes as temporary and due to TCI Needing to "step down from Red status" Notably, the memo was unsigned and Not printed on DPS/DAC Letterhead. Typically, any major policy changes must be posted 48 hours prior to implementation. This was Not done, nor was any official policy ever posted despite plaintiff's repeated requests.

10. When COVID-19 Restrictions were Loosened and Mask Requirements were lifted on 1 May, 2022 - these Highly Restrictive policies were Not.

10. When Plaintiff and other inmates asked staff members about the policies being lifted It became apparent that the staff at TCI Never intended to go back to pre-7 FEB Conditions. On 3 MAY 22 U.M. Jackson used offensive and abusive language in violation of NCGS 148-23 when informing prisoners that the policy would Not be rescinded. Later that Same week OFC Miller also used offensive and abusive language towards plaintiff Wendt when he

## VI.  ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☒ Yes  ☐ No

If no, explain why not:

Is the grievance process completed?  ☒ Yes  ☐ No

If no, explain why not:

## VII.  RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

PLEASE SEE ATTACHED

Cited official DPS policy Chapter 0 paragraph .0700
which outlines MODIFIED HOUSING. The exchange was
witnessed by others. The enforced customs at TCI
in fact exceed the policy stated above and were indefinitely
enforced with No opportunity to be removed from MOD-H,
contrary to written policy.

12. Plaintiff is aware of, and therefore believes, Many other
inmates also filed grievances about the Highly restrictive
policy and that Nothing was done to change it.

13. Plaintiff, after getting Nowhere with staff at TCI,
contacted an advocacy group in late May 2022 and
received a Written Response. In the response the
Advocate contacted Defendant Bullard who admitted
to the New policies/customs, Showed No intention to
change them, and intentionally withheld specific information
(OCT, exercise, etc) citing "security" reasons.

14. Plaintiff Filed two grievances on 30 Sep 2022 [Regarding
Lockback] and 16 OCT 2022 [Regarding gym closure]. Both
Grievances were essentially ignored By Defendants Brewer,
Barnhill, and Bailey. Defendant Greene acted as a
"Rubber stamp" in her step 3 Responses to both grievances.
Greene only altered a few words between the two showing
deliberate indifference.

15. Outdoor exercise Rotated between Yard 3
and a Concrete pad For plaintiff Wendt. While Yard
3 was adequate (despite Restrictions on Running, and
Cardio-centric basketball and few if ever Balls),

The concrete pad was desolate. The pad was surrounded by 20' walls, open to sky, and had No equipment whatsoever. 50% of all yard calls took place on the concrete pad. Additionally, ~~concrete~~ Outdoor exercise was Frequently cancelled due to Weather or Lack of Staff. Plaintiff Wendt logged the following cancelled dates:

2022- July - 27th, 29          2023- Jan. - 16, 23, 25, 27, 30
            AUG - 10, 12, 19, 22, 31          FEB - 1, 3, 6, 8, 10, 13, 17
            Sep - 2, 28, 30          Mar - 8, 10
            OCT - 12, 28
            NOV - 9, 11, 25, 30
            DEC - 5, 7, 9, 19, 21, 26          14 cancellations
22 cancelled out of 69 available          ~~14~~ Out of 32
            TOTAL = 36 out of 101 days cancelled.
                    In the ≈8 month period

16. Plaintiff Wendt Was promoted to Medium custody On/about Sep/Oct 2022 but Was told he could Not be moved to medium custody because of Over crowding. Wendt remained housed in close custody until Mar 16 2023 and Was subject to the Same Highly restrictive policies during His medium custody status despite DPS policy forbidding the mixing of custody Levels. [CHAPTER F - Para .0600 - DPS Policy]

17. Plaintiff Wendt Requested the Right to Jog lightly during outdoor exercise. Wendt has Post Traumatic Stress Disorder From Service in the US. Army and Uses

Running as a therepuetic coping skill. Despite his
Promotion to medium custody, Defendant Bailey denied
Wendts' accomodation Request on 26 January 2023. When
Confronting staff about the ADA Denial Wendt was
told "Prison ADA is Not the Same as ADA in the
Real World" By Social worker Bellarmy.
TCI ADA

18. Wendt again Grievanced the gym being Closed in Nov
2022. Defendant Bailey replied that a gym schedule
Was Submitted, however Less than twoweeks Later TCI
Elected to house (6) six inmates in the gym instead
of using it for exercise.

19. Plaintiff Contends these highly restrictive policies
are Not limited to TCI and plees the Court to Note
that Future Joinder of additional plaintiffs from TCI
is ~~Likely~~ Possible. Discovery Will Show Blatant disregard for
Plaintiff's Rights to Exercise, Social interaction, environmental
Stimulation and due process in addition to State Constitutional,
Statutory, and internal policy Violations. Plaintiff plees the Court to
Note these policies Maybe implimented Statewide ~~and~~ thus
affecting Thousands of State inmates. While Plaintiff Wendt
Cannot Litigate on behalf of other prisoners, Wendt is None
the less concerned for the alleged abuses of their constitutional
Rights, as Well as his own.

20 If additional facts are Required Plaintiff plees the
Court to allow amendation of this Complaint to Rectify errors/omissions.

21. Plaintiff asserts that he was infraction Free from May 2021 - March 2023, and was Not subject to Disciplinary action during that time.

22. Plaintiff claims that the Windows of his cell were ~~clear~~ opaque and Not clear, did Not allow for Viewing any-thing outdoors, and Let in only a Limited amount of Light. Additionally, the Lights in his cell were always on 24 hours/day With a 8 square Foot Light illuminated From 6am - 10pm and a smaller Light illuminated from 10am - 6am. Plaintiff could Not control the Lights Withh his cell. These claims add credence to Cruel & unusual Punishment for Constant Light exposure - and Lack of environmental stimulation for blocking Natural Light and ability to View Nature from his cell.

23. Plaintiff Wendt has consequently Suffered severe emotional, Psycological, and physical injuries from the aforementioned Lockdown procedures. Wendt claims that he has experienced Weight gain, Loss of energy, exacerbation of existing PTSD and Major Depressive disorder, anxiety, an increase in his perscribed Mental health medication, bed sores from excessive Sleep and inactivity, inability to maintain a stable blood pressure, and decreased ability to interact socially with others in an appropriate manner due to anger and frustration at TCI.

## LEGAL CLAIMS:

24. Defendants BREWER, JACKSON, COLLINS, BROWN, SHAW, and McLaughlin all personally enforced and had direct Knowledge of the lack of exercise, deprivation of Outside Cell Time, deprivation of environmental stimulation and deprivation of Social interaction. Additionally, they all Knew or ~~the~~ Should have Known that the policy enforced on Feb 7, 2022 was deceptively implimented, excessive in duration, more restrictive then the Most restrictive policy for General population inmates, and that ~~these~~ this New policies would likely harm the inmates including Plaintiff Wendt.

25 Defendants Barnhill, Baysden, Bailey all Knew or Should have Known that the policies they enforced would have immediate and long term Risks to the inmates in their charge that would likely Jeopardize the physical and Mental health of all inmates, including Plaintiff Wendt. Each of the deputy Wardens has years of correctional experience, Were made aware of the Risks, and either did Nothing to prevent it (showing deliberate indifference) or willfully and meliciously perpetrated it.

26. Defendant Bullard personally stated before The Plaintiff and other Members of the T.C.I. Mens Club at approx 11AM on Jan 30, 2023 that "We make Close

LEGAL CLAIMS (cont:

custody hard so you Want to go to medium custody
and we make medium custody hard so you Want to go
to minimum." Plaintiff Claims that this statement,
along With the Written exchange with holding information
From an outside advocacy group, Goes beyond the
threshold of Deliberate indifference and shows Bullard
Was fully aware of the Negative impact of the New
Policy, and willfully and maliciously ensured its enforcement.

27. Defendant Greene acted with deliberate
indifference When acting as a grievance step 3 Reviewer.
Greene Was twice confronted with the Plaintiff's grievances
and had within her authority to provide appropriate
Releif, yet in that capacity acted as a "Rubber Stamp"
by replying to both grievances with a dismissal
that Varied by only a few words. Claiming the
grievances Were resolved by prison staff when
they clearly Were Not - showed clear indifferance.

28. Defendant ISHEE and Harris both Knew of
the Highly restrictive and constitutionally questionable
policies enforced enumerated herein. They Knew or should
have Known that as Director of Prisons/Secretary of
Prisons they are ultimately Responsible for the Physical
and mental health of N.C. inmates, including Plaintiff, and

LEGAL CLAIMS cont:

that enforcement of these policies state wide Would
place inmates at Risk for immediate and long term
harm. By implementing and sustaining such policies they
demonstrated deliberate indifference to the Plaintiff's health
& welfare as well as Thousands of other inmates statewide.

29. DEFENDANT Buffaloe, for the reasons mentioned
in #28, knew or should have known that as the
direct supervisor of ISHEE/HARRIS he was aware
of the Highly Restrictive policy and its capacity for potential
harm. If he was Not made aware of this policy, then
he might be Not be fully culpable - however this would
increase the culpability of ISHEE/HARRIS if they
Failed to inform him or Withhold such information.

30. Defendants Jackson, Miller, and Spivey Used
Language in Violation of NCGS. 148-23. This
offensive Language caused Plaintiff Mental strain, anger,
bitterness, and depression. Plaintiff pleas the Court to
exercise Supplemental Jurisdiction over these State
Statute Violations.

31 Defendant Jackson, in addition to legal
claims 24 & 30 Did act maliciously on About Dec 10,
2022 By punishing an inmate who attempted to exercise

LEGAL Claims cont:

Plaintiff personally observed this event and suffered Mental strain, Anger, bitterness, and depression Stemming from this deprivation of a man's right to exercise himself, and Punishing him for doing so.

32. Defendant Property OWNERS may be culpable in Some instances if they are Directly responsible for the Violations of Plaintiff's Civil Rights. Plaintiff pleas the Court to allow Discovery to ascertain if Such culpability exists or if the property is Not privately owned or Leased to the State, or qualifies as a "Municipality" for 42 USC 1983 purposes.

33. Plaintiff Claims the afore mentioned facts demonstrate clear Violations of the plaintiff's Right to be free from Cruel and unusual punisment and to be provided adequate Due process. Additionally, Plaintiff also claims that the facts are sufficient to Support Corresponding State of N.C. Constitutional Violations under the 19th and 27th amendments to the NC Constitution and pleas this Court to exercise supplimental Jurisdiction over such claims. Supp. Jurisdiction is proper because the claim arises under the Same Set of circumstances.

34. Plaintiff alleges TCI, and other Close Custody Prisons continue to enforce the aforementioned policies

LEGAL CLAIMS cont:

that qualifying as a "Continuing Wrong," While plaintiff is No Longer subjected to these policies he is ultimately Concerned for the health and welfare of his fellow inmates and plees this Court to Consider appropriate releif.

## VII. PRAYER FOR RELIEF:

35. Plaintiff plees ~~to brief~~ this court to Grant a declaration that the acts and omissions described herein violated his rights Under the Constitution and Laws of the United States and North carolina, and

36. A preliminary in Junction ordering an investigation Into the Causes of the deprivation of Plaintiff's Rights While Housed at T.C.I. and to utilize the appropriate Federal agency to Conduct Such an investigation Pursuant to 18 USC, § 3626 (1997). Plaintiff believes an investigation is proper in this instance to determine the extent of, and impact on prisoners arising from Allegations of State wide Staff shortages resulting in overcrowding and deprivation of Civil Rights. An investigation is prudent prior to the request for and subsequent issuance of Prospective or Appropriate injunctive Releif, and

37. Grant Plaintiff Compensatory damages in the amount of $20,000 against each defendant Jointly and severally EXCEPT SPIVEY And MILLER, and

38. Grant Plaintiff punitave damages in the amount of $500.00 For violation of and duress caused by N.C.G.S. 148-23 Statute violation against Jackson, Miller, Spivey only.

39. Grant Plaintiff punitave damages in the amount of $50,000 against defendants Bullard, Jackson, Bailey, Barnhill, Baysden, Ishee, Buffaloe, and Harris, Greene and,

40. Grant Plaintiff appropriate compensatory and punitive damages in a yet to be determined amount against PROPERTY OWNERS, and

41. Grant Plaintiff recovery of the costs accrued in the Filing of and prosecution of this suit, and

42. any additional Relief this court deems Just, Proper, and equitable.

43. Plaintiff pleas the court to Note that he has Not received any assistance from North carolina Prisons or Prison staff in challenging his conditions of confinement, Nor has he been provided an adequate Law Library or Word processing device by the State to aid in filing of this suit. THEREFORE, Plaintiff cannot comply with Local Rule 10 and pleas this court to View this complaint in the Light of these deprivations.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?   ☒ Yes   ☐ No

If yes, how many?   1

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

\* Wendt V. Bullard et al. (5:23-CT-3047-FL Filed East Dist NC)
Religious discrimination & Due process Rights Violation

IN PROGRESS - AWAITING Defendant Response

NOTICE TO CLERK: Plaintiff Wendt does Not intend
to File Informa Pauperis. Once a case/docket # is
assigned, Plaintiff Wendt will Send the Filing fee from
his inmate account. Attached is the plaintiff's most Recent
Balance statement showing available funds & his ability to pay
the Filing Fee

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

19 September 2023
Dated

Plaintiff's Signature

Samuel Clement Wendt
Printed Name

1644320
Prison Identification #

Piedmont CI
1245 CAMP Drive          Salisbury          NC          28147
Prison Address          City          State          Zip Code