IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3275-D

SAMUEL CLEMENT WENDT,              )
                                   )
        Plaintiff,                 )
                                   )
   v.                              )   **ORDER**
                                   )
JAMIE BULLARD, et al.,             )
                                   )
        Defendants.                )

On September 25, 2023, Samuel Clement Wendt ("Wendt" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Wendt alleges that defendants "severely restricted exercise opportunities, social interaction opportunities, outside cell time, used abusive/offensive language, and punished violators of arbitrary customs/policies" in violation of his Eighth Amendment rights. Id. at 8 (cleaned up). Wendt also alleges "the way these restrictive policies/customs were implimented [sic]" violated his Fourteenth Amendment due process rights. Id. On January 16, 2025, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 33]. On May 19, 2025, the court denied defendants' motion for a protective order, denied Wendt's motion for appointment of counsel, denied Wendt's motion for leave to depose non-party witnesses, granted Wendt's motion for an extension of time to complete discovery, and directed defendants to respond to Wendt's first set of discovery requests [D.E. 51]. On June 30, 2025, the court denied Wendt's motion for reconsideration and extended the scheduling order deadlines [D.E. 66].

Wendt moves to deem replies timely filed [D.E. 73, 79, 82], for leave to amend the complaint and to reopen discovery [D.E. 75], for reconsideration of the denial of his motion for

appointment of counsel [D.E. 75], to preserve evidence [D.E. 83], to determine the sufficiency of defendants' answers and objections [D.E. 84, 89, 90], to compel discovery [D.E. 86, 87, 91, 92], to allow extended briefs [D.E. 85], for an extension of time to file dispositive motions [D.E. 95], for an extension of time to reply to defendants' response to his discovery motions [D.E. 103], and to strike and reply to defendants' response to his discovery motions [D.E. 104]. Defendants move to exceed the word count limit in their response to Wendt's discovery motions [D.E. 101].[1]

As for Wendt's motion to preserve evidence, Wendt asks the court to order the North Carolina Department of Adult Correction ("NCDAC") and the corporation providing telephone services to inmates to preserve recorded phone call conversations between him and several NCDAC employees. See [D.E. 83] 1–7. Specifically, Wendt seeks phone call recordings from the following dates in 2025: May 12, June 12, June 27, August 1, and August 4. See id. at 6–7. Wendt also seeks a list of his outgoing calls from January 16, 2025, to the present. See id. at 6. Wendt alleges defendants' counsel intentionally avoided his phone calls and failed to cooperate in discovery. See id. at 2–5. Wendt seeks preservation of the phone call records "in anticipation of future potential litigation." Id. at 5.

Defendants ask the court to deny Wendt's motion because the phone records are irrelevant to his claims in this action and because Wendt harassed NCDAC with excessive phone calls to coerce NCDAC to transfer him to Montana. According to NCDAC:

> [B]etween May 9, 2025, and August 4, 2025, [Wendt] successfully or unsuccessfully called the office of the Undersigned Counsel and various other NCDOJ employees a total of 162 times. By mid-July, [Wendt] was calling various NCDOJ telephone numbers multiple times a day: 12 times on Wednesday, July 23rd; 20 times on Thursday, July 24th; 4 times on Friday, July 25th; 11 times on Monday, July 28th; 14 times on Tuesday, July 29th; 0 times on Wednesday, July 30th; 22 times on Thursday, July 31st; 12 times on Friday, August 1st; 11 times on Monday, August 4th. Over the course of nine business days, [Wendt] called the

---

[1] The court grants defendants' motion to exceed the word count limit [D.E. 101].

> Attorney General's Office 96 times. It was not until the Section Head told [Wendt] on August 4th that we preferred to communicate with him by letter that [Wendt's] calls diminished. [Wendt] even contacted Human Resources to lodge a complaint against Undersigned Counsel, threatening to seek sanctions. During the calls answered by Undersigned Counsel, [Wendt] occasionally discussed litigation needs (e.g. consent for an extension of time), but his focus was his settlement demands to be transferred to Montana. These harassing phone calls are clearly just another tactic intended to coerce NCDAC into transferring [Wendt] to Montana. Further, within the time period provided above, [Wendt] also began to file numerous docket entries.

[D.E. 100] 2–3, 10 (citations omitted); see also [D.E. 100-2] 2 ("Look I have 9 suits in now (2 state, 2 torts, 5 federal suits) with two in discovery. I don't expect you to admit NCDAC has problems . . . but I have a unique understanding of federal law and the constitution and can tell you it is in the best interest of me and NCDAC to transfer me home to Montana."); [D.E. 100-5] 1–17.

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979) (citations omitted); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). A litigant, however, may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995); see Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986).

3

Wendt has not demonstrated that the phone records are relevant and proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); Hines v. Chesapeake Det. Facility, No. RDB-19-1186, 2020 WL 374713, at *4 (D. Md. Jan. 23, 2020) (unpublished), aff'd, 852 F. App'x 748 (4th Cir. 2021) (per curiam) (unpublished). Additionally, defendants provided a list of Wendt's phone call records and cooperated in discovery by providing responses and supplemental responses to Wendt's first, second, and third sets of discovery requests. See [D.E. 100-5] 1–17; [D.E. 100-11] 1–35; [D.E. 100-12] 1–6; [D.E. 100-13] 1–11; [D.E. 100-14] 1–28; [D.E. 100-15] 1–6; [D.E. 100-16] 1–9. Thus, the court denies the motion.

As for Wendt's motions to determine the sufficiency of defendants' answers and objections, Wendt asks the court to determine the sufficiency of defendants' answers and objections to his first request for admissions, first request for interrogatories, and second request for admissions. See [D.E. 84] 1–5; [D.E. 84-1] 1–34; [D.E. 84-2] 1–45; [D.E. 89] 1–5; [D.E. 89-1] 1–26; [D.E. 89-2] 1–28; [D.E. 90] 1–5; [D.E. 90-1] 1–20; [D.E. 90-2] 1–41. Defendants respond that they supplemented their responses after Wendt filed his motions. See [D.E. 100] 10–12; [D.E. 100-11] 1–35; [D.E. 100-12] 1–6; [D.E. 100-15] 1–6. The court has reviewed Wendt's discovery requests and defendants' supplemental responses under the governing standard. See Fed. R. Civ. P. 36(a)(6). Defendants' answers and objections are justified. Thus, the court denies the motions.

As for Wendt's motions to compel discovery, Wendt seeks an order directing defendants to respond to his first request for production of documents, to provide initial disclosures, to respond to his second request for interrogatories, and to respond to his second set for production of documents. See [D.E. 86] 1–5; [D.E. 86-1] 1–25; [D.E. 86-2] 1–36; [D.E. 87] 1–6; [D.E. 91] 1–4; [D.E. 91-1] 1–14; [D.E. 91-2] 1–28; [D.E. 92] 1–4; [D.E. 92-1] 1–17; [D.E. 92-2] 1–23. Defendants respond that they answered Wendt's requests in good faith or asserted credible

4

Case 5:23-ct-03275-D    Document 106    Filed 11/06/25    Page 4 of 8

objections, that they provided numerous supplemental responses and documents, that Wendt's discovery requests were overly broad and unduly burdensome, that several of Wendt's requests were irrelevant and not proportional to the needs of the case, that Wendt exceeded the number of interrogatories he was allowed to serve on defendants, that Wendt sought confidential information concerning prison security and schematics, that several of Wendt's requests were duplicative, and that Wendt sought to embarrass, harass, or berate defendants. See [D.E. 100] 12–35; [D.E. 100-11] 1–35; [D.E. 100-12] 1–6; [D.E. 100-13] 1–11; [D.E. 100-14] 1–28; [D.E. 100-15] 1–6; [D.E. 100-16] 1–9.

The court has considered Wendt's motions to compel under the governing standards. See Fed. R. Civ. P. 34, 37(a)(1); Local Civ. R. 7.1(c)(2); Jones v. Broadwell, No. 5:10-CT-3223, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013) (unpublished); Higgins v. Spence & Spence, P.A., No. 5:07-CV-33, 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished) (collecting cases). The court denies the motions for the reasons stated in defendants' response in opposition. See [D.E. 100] 12–35; [D.E. 100-11] 1–35; [D.E. 100-12] 1–6; [D.E. 100-13] 1–11; [D.E. 100-14] 1–28; [D.E. 100-15] 1–6; [D.E. 100-16] 1–9.

As for Wendt's motion for leave to amend the complaint and to reopen discovery, Wendt seeks to add a claim that prison officials conspired against him and asks the court to reopen the discovery period so that the parties can conduct discovery concerning his proposed conspiracy claim. See [D.E. 75] 1–6. Wendt requires leave of court to amend his complaint because he filed his motion more than 21 days after defendants answered. See Fed. R. Civ. P. 15(a)(1)–(2). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

5

would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962).

Wendt's conclusory allegations concerning conspiracy are unrelated to his claims concerning inadequate amounts of recreational and exercise time and are merely "labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Additionally, the court entered its scheduling order ten months ago in this long-pending case and allowing Wendt to amend his complaint to add a conclusory conspiracy claim after discovery closed would be prejudicial to defendants. See Naden v. Saga Software, Inc., 11 F. App'x 381, 383 (4th Cir. 2001) (per curiam) (unpublished); Moore v. United States, No. 4:09-CV-2046, 2011 WL 4344108, at *6 (D.S.C. Aug. 10, 2011) (unpublished), report and recommendation adopted, 2011 WL 4344104 (D.S.C. Sept. 14, 2011) (unpublished). Thus, the court denies the motion as futile and prejudicial.

As for Wendt's motion for reconsideration of the denial of his motion for appointment of counsel, the court has considered the motion under the governing standard. See Fed. R. Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Wendt has not provided any new or compelling reasons for the appointment of counsel. Wendt's claims are not objectively complex, and Wendt has demonstrated through his filings that he has the capacity to present his claims. Thus, the court denies the motion.

As for Wendt's motions to deem replies timely filed, for an extension of time to reply to defendants' response to his discovery motions, and to strike and file a reply to defendants' response

6

to his discovery motions, replies are not permitted in discovery disputes. See Local Civ. R. 7.1(g)(2). Thus, the court denies the motions.

As for Wendt's motion to allow extended briefs, Wendt has flooded the docket with excessive, vexatious, and repetitive filings that impede the court's ability to expediently address the issues raised in this case. Thus, the court denies the motion and directs Wendt to cease filing excessive motions.

In sum, the court GRANTS defendants' motion to exceed the word count limit [D.E. 101], DENIES plaintiff's motions to deem replies timely filed [D.E. 73, 79, 82], DENIES plaintiff's motion for leave to amend the complaint and to reopen discovery [D.E. 75], DENIES plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel [D.E. 75], DENIES plaintiff's motion to preserve evidence [D.E. 83], DENIES plaintiff's motions to determine the sufficiency of defendants' answers and objections [D.E. 84, 89, 90], DENIES plaintiff's motions to compel discovery [D.E. 86, 87, 91, 92], DENIES plaintiff's motion to allow extended briefs [D.E. 85], DENIES plaintiff's motion for an extension of time to reply to defendants' response to his discovery motions [D.E. 103], and DENIES plaintiff's motion to strike and reply to defendants' response to his discovery motions [D.E. 104]. The court GRANTS plaintiff's motion for an extension of time to file dispositive motions [D.E. 95]. The parties shall have until December 1, 2025, to file dispositive motions. The court DIRECTS plaintiff to cease filing excessive, vexatious, and repetitive motions. They impede the court's ability to expediently address the issues raised in this case.

SO ORDERED. This 5 day of November, 2025.

                                                                        JAMES C. DEVER III
                                                                        United States District Judge